UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID MAYFIELD,

          Plaintiff,

      v.                                         Case No. 25-cv-659-bhl

CO VAUGHN,

          Defendant.

---

## SCREENING ORDER

---

Plaintiff David Mayfield, who is currently serving a state prison sentence at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Mayfield's motion for leave to proceed without payment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Mayfield has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mayfield has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $42.00. The Court will grant Mayfield motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Mayfield was a convicted prisoner at the Milwaukee County Jail, who was injured and was wearing a medical boot. Dkt. No. 1 at 1 & 3. Defendant is Correctional Officer (CO) Vaughn. *Id.* at 1. On or around February 8, 2025, at 10:00 a.m., inmate Alvester

Phillips became "loud and aggressive…for at least a couple of minutes." *Id*. Mayfield explains that inmate Phillips has a long history of mental health issues and should not have been in general population in the first place. *Id*. Rather than deescalating the situation or locking inmate Phillips in his cell to prevent a physical altercation, CO Vaughn did nothing. *Id*. at 2. Inmate Phillips then pushed Mayfield twice, causing Mayfield to fall to the ground. *Id*. Inmate Phillips then held Mayfield in a chokehold on the ground "for at least a few minutes." *Id*. Again, CO Vaughn did nothing. *Id*. Later, backup officers arrived and inmate Phillips finally released Mayfield from the chokehold. *Id*. at 2-3. Mayfield was very dazed and confused because he had almost lost consciousness during the chokehold. *Id*. CO Vaughn then tased Mayfield for no reason and took him to segregation. *Id*. Mayfield states that he blacked out when he got tased. *Id*. at 4. He explains that inmate Phillips (the aggressor) was not tased at all. *Id*. at 3. Mayfield experienced immense pain due to CO Vaughn's conduct and he still cannot walk properly. *Id*. at 4. For relief, he seeks monetary damages. *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). To state a failure to protect claim, Mayfield must allege: (1) that he was exposed to an objectively serious risk of harm; and (2) CO Vaughn had actual knowledge of that risk and responded with deliberate indifference. *See LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020). The Eighth Amendment also prohibits "unnecessary and wanton infliction of pain" on prisoners.

*Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. The Court considers whether the use of force was wanton and unnecessary, including "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Mayfield alleges that he was placed in a chokehold by another inmate for several minutes while CO Vaughn stood around, doing nothing to help. Once Mayfield broke free from the chokehold with the help of other officers, CO Vaughn tased him for no reason, even though he was dazed and confused and was not a threat to anyone. Based on these allegations, the Court can reasonably infer that CO Vaughn may have failed to protect Mayfield from inmate Phillips and also used excessive force without justification. Therefore, Mayfield may proceed on Eighth Amendment failure to protect and excessive force claims against CO Vaughn in connection with the February 8, 2025 incident at the Milwaukee County Jail.

## Conclusion

The Court finds that Mayfield may proceed on Eighth Amendment failure to protect and excessive force claims against CO Vaughn in connection with the February 8, 2025 incident at the Milwaukee County Jail.

**IT IS THEREFORE ORDERED** that Mayfield's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Mayfield's complaint and this order are being electronically sent today to Milwaukee County for service on CO Vaughn.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, CO Vaughn shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Mayfield shall collect from his institution trust account the **$308.00** balance of the filing fee by collecting monthly payments from Mayfield's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Mayfield is transferred to another institution, the transferring institution shall forward a copy of this Order along with Mayfield's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Milwaukee County Sheriff and to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Mayfield is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Mayfield may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 31, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6

Case 2:25-cv-00659-BHL   Filed 07/31/25   Page 6 of 6   Document 8